UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH A. SIKORA,

        Plaintiff,              CASE NO. 19-12608
                                              HON. DENISE PAGE HOOD

v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#12] AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT [#14]**

**I.    BACKGROUND**

**A. Procedural Background**

On September 5, 2019, *pro se* Plaintiff Joseph Sikora ("Plaintiff") filed a Complaint against Defendant, the Internal Revenue Service ("IRS"). [ECF No. 1] Plaintiff alleges that the IRS increased his federal income tax burden by improperly withholding income without his permission. [*Id.* at 5]

On October 10, 2019, Plaintiff requested a Default Judgment against the IRS, [ECF No. 6] which was entered on October 11, 2019. [ECF No. 7] On October 25, 2019, Plaintiff requested a Default Judgment against the IRS in the amount of $1,508,500.00. [ECF No. 8] On October 30, 2019, the Court issued a Notice of Denial of Plaintiff's Request for Default Judgment because there was no

1

sum certain. [ECF No. 11] The IRS filed the instant Motion to Dismiss [ECF No. 12] on December 18, 2019. Plaintiff has not filed a Response but filed a Motion for Judgment on January 21, 2020. [ECF No. 14]

The IRS indicates that Plaintiff violated Federal Rule of Civil Procedure 4(i)(1) when he improperly mailed his Complaint to the IRS Withholding Compliance Unit in Andover, Massachusetts. [ECF No. 12, Pg.ID 54] According to Rule 4(i)(1), Plaintiff should have delivered a copy of the summons and complaint to the United States Attorney for the Eastern District of Michigan and to the United States Attorney General in Washington, D.C. Since Plaintiff has not yet properly served the IRS, the IRS asserts that the Court "has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). However, to seek a more permanent resolution, the IRS has consented to the Court's jurisdiction. [ECF No. 12, Pg.ID 54]

### B. FACTUAL BACKGROUND

Plaintiff is currently employed by Ford Motor Company ("Ford") in Dearborn, MI and makes approximately $100,000 annually. [ECF No.1, Pg.ID 4; 15] As part of his employment, Plaintiff filed an IRS "W-4" form. [*Id.* at 5] Plaintiff did not file taxes in 2016, and the IRS determined that Plaintiff "may not [have been] entitled to" lower his tax burden by self-selecting certain exemptions

2

or allowances. [*Id.* at 9] Because of Plaintiff's previous inaccuracies, the IRS sent Ford an IRS Letter 2800C ("Lock-in Letter") in November 2018. [*Id.*] The Lock-in Letter "specifie[d] [Plaintiff's] withholding rate and maximum number of withholding allowances." [*Id.*] On several occasions Plaintiff has requested that Ford "correct" the withholding amount. [*Id.* at 5] Plaintiff maintains that he called the IRS Withholding Compliance Unit to deviate from the Lock-in Letter, but the request was denied. [*Id.*]

Plaintiff alleges that the increased tax burden has caused him irreparable harm, specifically that he is "at a financial deficit due to the compulsory distraint of his income/wages, at risk of loosing [sic] his assets that cannot be replaced at present value on a later date . . . ." [*Id.*] Plaintiff requests three forms of relief: (1) an injunction against the IRS to prevent it from withholding income taxes from him; (2) a refund of income taxes withheld (at the rate of $850.00 per month beginning from January 2019); and (3) punitive damages of $1,500,000. [*Id.* at 6]

## II. LEGAL ANALYSIS

### A. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a

general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Claims Against the IRS

*Pro se* litigants are held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the leniency granted to *pro se* litigants is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). All litigants must conduct a reasonable inquiry before filing any pleadings. Fed. R. Civ. P. 11(b).

Plaintiff's Motion for Judgment includes conclusory statements as to how his current tax burden has affected him. Plaintiff also appears to misunderstand the proper procedures necessary to adequately state a claim against the IRS. Plaintiff's Motion for Judgment does not allege any additional facts that would meet the necessary burden to advance his claim.

Plaintiff also expresses frustration with the procedural requirements he must complete to satisfy jurisdictional requirements. However, Courts have refused to excuse *pro se* litigants who failed to follow basic procedural requirements such as meeting "readily comprehended" court filing deadlines. *E.g., Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991); *Eglinton v. Loyer,* 340 F.3d 331, 335 (6th Cir.2003). Since the IRS waived proper service of process and consented to the Court's jurisdiction, Plaintiff's concerns are unfounded. As discussed below, the Court finds that Plaintiff cannot adequately state a claim for which relief can be granted.

### 1. Anti-Injunction Act

There can be no doubt that the instant matter is a dispute about taxes. Because of this, it is governed by the Anti-Injunction Act. ("the Act") 26 U.S.C. §7421. Section 7421 provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." §7421. The Act's primary purpose is to allow the United States to assess and collect taxes without judicial intervention and to shield the IRS from litigation without properly filing a suit for refund. *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7-8 (1962). The Act includes exceptions for when the government cannot ultimately prevail under any circumstance or when "equity jurisdiction otherwise exists." *Id.* at 7. A plaintiff's request for injunctive relief will not be granted without more than an allegation that a tax has been erroneously or illegally

assessed. *Dyer v. Gallagher*, 203 F.2d 477, 479 (6th Cir. 1953). The taxpayer bears the burden of proof in establishing a tax was improper. *Comm'r v. Shapiro*, 424 U.S. 614, 629 (1976).

    The IRS argues that Plaintiff has failed to allege sufficient facts to show that the government could under no circumstances prevail. The IRS indicates that the Complaint merely states that the withholding was illegal, but alleges no facts to establish that the tax withholding was "arbitrary, without authority, unsupported by competent evidence, [or] a mistake and error of law." [ECF No. 12, Pg.ID 58] To support its argument, the IRS indicates that Plaintiff did not file a tax return for the year 2016. [ECF No. 1, Pg.ID 18] The IRS then determined that Plaintiff's W-4 form resulted in a lower and inaccurate withholding amount. [*Id.* at 24] Plaintiff's failure to file a tax return and inaccurate W-4 form, prompted the IRS to issue the Lock-in Letter to ensure that Plaintiff met his tax obligations and the Act "bars a party's attempt to challenge the acceptance of a Form W-4." *Moss v. United States*, 1997 WL 1018560, at *3 (E.D. Mich. 1997). The Court is convinced that the IRS' actions preceding the Lock-in Letter were legitimate and not arbitrary.

    The IRS also argues that Plaintiff has failed to show irreparable harm. Plaintiff's Complaint argues that the tax withholding prevents him from having a reasonable lifestyle while maintaining his current home, vehicle, and job. [*Id.* at 5] The IRS asserts that Plaintiff does not claim that he does not owe federal income

6

taxes or that his withholding greatly surpasses the amount he actually owes, only that his current tax burden is a barrier to the specific car, home, and lifestyle he is entitled to. The Court finds that Plaintiff has failed to establish that he has suffered irreparable harm because of his current tax burden.

### 2. §7422 and §7433

The IRS argues that Plaintiff has failed to follow the required procedures outlined by 26 U.S.C. §7422(a) and §7433(a). The IRS further asserts that 26 U.S.C. §7433(b) does not allow punitive damages. Tax refund requests must follow the procedures outlined in 26 U.S.C. §7422(a). Section §7422(a) provides that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. §7422(a). Before filing a claim in a district court, taxpayers must properly file a claim for refund with the Secretary of the Treasury. §7422(a). Absent a showing of timely filing a claim for refund to taxes, courts must dismiss suits for refund because they lack jurisdiction. *Walkden v. U.S.*, 255 F.2d 681, 681 (1958).

Civil actions brought under §7433(a) are the exclusive remedy for taxpayers seeking damages for the wrongful collection of taxes. 26 U.S.C. §7433(a). Section 7433 is a waiver of sovereign immunity that allows taxpayers to sue in situations when the IRS acted recklessly or intentionally, or negligently. §7433(a).

The IRS indicates that Plaintiff never made a formal written complaint—only calling the Withholding Compliance Unit. The Court finds that Plaintiff has failed to exhaust his administrative remedies and his complaint fails to state a claim upon which relief may be granted. *Hoogerheide v. I.R.S.*, 637 F.3d 634, 636 (6th Cir. 2011).

Section 7433(b) governs Plaintiff's request for damages. Plaintiff is seeking $1,500,000 in punitive damages "for recompense due to the lack of ability to use the funds not available from this wrongful action on the ability to maintain a reasonable expectation of a lifestyle and potential loss of employment from this process." [ECF No. 1, Pg.ID 6] Section 7422(b) only allows "actual, direct economic damages sustained by the Plaintiff" and for the costs of the action.

The Court finds that Plaintiff has failed to establish any actual or direct damages stemming from IRS action. As to Plaintiff's claim that the Lock-in Letter endangered his job, the IRS references an email between Plaintiff and Ford establishing that tax disputes are an issue involving the IRS and not Ford. [*Id.* at 8] The Court finds that the email is informative and neutral, and that Plaintiff's job

has not been endangered because of this dispute. The Court **DISMISSES** Plaintiff's claim for punitive damages.

### III.   CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [ECF No. 12] is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's request for injunctive relief has failed to state a claim upon which relief may be granted because it is barred by the Anti-Injunction Act. Defendant's Motion to Dismiss Plaintiff's claim for injunctive relief is **GRANTED** and Plaintiff's claim for injunctive relief is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that Section 7433(b) does not allow punitive damages and Defendant's Motion to Dismiss Plaintiff's request for punitive damages is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff has failed to exhaust the required administrative remedies and Plaintiff's claim for refund is **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Judgment [ECF No. 14] is **DENIED.**


Dated: November 30, 2020             s/Denise Page Hood
                                     Chief Judge, United States District